IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-341-FL

| | |
|---|---|
| DLX, Inc. and DONALD LATELLA | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **MEMORANDUM** |
| v. | ) **AND** |
| | ) **RECOMMENDATION** |
| REID BROTHERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

This case comes before the court on the motion of plaintiffs DLX, Inc. and Donald Latella (collectively "plaintiffs") to remand this case to Cumberland County Superior Court (D.E. 8). The motion is supported by a memorandum (D.E. 9). Defendant Reid Brothers, Inc. ("defendant") opposes the motion (D.E. 15). The motion has been referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that plaintiff's motion be denied.

## BACKGROUND

DLX, Inc. is a North Carolina corporation with its principal place of business in Cumberland County, North Carolina, and Donald Latella is its sole shareholder. (Compl. (D.E. 1-2 at pp. 4-6)[1] ¶¶ 1, 2). Defendant is a Tennessee corporation that entered into a contract with plaintiffs for the purchase of some of plaintiffs' business assets—the Asset Purchase and Sale Agreement ("Purchase Agreement") (D.E. 1-2 at pp. 7-37). (*Id.* ¶¶ 3, 5).

---

[1] The page numbers in this and the following citation are those inserted by the court's CM/ECF electronic filing system.

On 24 June 2009, plaintiffs filed the instant action against defendant in Cumberland County Superior Court. In their verified complaint, plaintiffs alleged that defendant breached the Purchase Agreement by stopping payments due under it, leaving a balance due and owing of about $98,987.86. (Compl. ¶ 7). Plaintiffs seek damages in excess of $10,000.00 plus attorneys' fees and expenses.

On 30 July 2009, defendant filed a notice of removal of the case to this court, alleging jurisdiction based on the diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*See* Removal Notice (D.E. 1)). On 6 August 2009, it filed an answer and counterclaim, denying liability and asserting a claim for alleged overpayment on the Purchase Agreement. (Ans. and Counterclaim (D.E. 5) ¶¶ 7,8).

Plaintiffs subsequently filed their motion for remand. Plaintiffs base their motion on a forum selection clause in the Purchase Agreement. (*See* Purchase Agree. ¶ 32).

## **DISCUSSION**

I.  **APPLICABLE PRINCIPLES OF REMOVAL AND REMAND**

The court's analysis begins with a review of basic principles governing removal and remand. Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). The removing parties, as those invoking

removal jurisdiction, have the burden of showing that removal was proper. *See Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof")).

Under 28 U.S.C. § 1446(a), a case is removed by the filing of a notice of removal in the district court. A defendant may waive the right to remove through entry into a valid and enforceable forum selection clause that mandates a state court as the forum for a case. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216 (3rd Cir. 1991); *The London Manhattan Co. v. CSA-Credit Solutions of America, Inc.*, C.A. No. 2:08-cv-00465-PMD, 2008 WL 2077554, at *1 (D.S.C. 9 May 2008); *Advanced Marketing Int't, Inc. v. Morgan*, No. 5:05-cv-435-Oc-10GRJ, 2006 WL 1679219, at *3 (M.D. Fla. 14 June 2006) ("By signing a contract that contains a forum selection clause, a defendant may waive his right to removal under ordinary principles of contract interpretation . . . ."); *see also Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1046-47 (11th Cir. 2001) (holding that defendant insurer waived its right to consent to removal of insured's state court action where subject policy contained a so-called "service of suit" clause, which permitted insured to select the forum).

## II.   THE FORUM SELECTION CLAUSE IN THE PURCHASE AGREEMENT DOES NOT REQUIRE REMAND

The forum selection clause in the Purchase Agreement reads:

This Agreement shall be governed by and interpreted and construed in accordance with the laws of the State of North Carolina without regard to choice of law principles. The parties submit to the jurisdiction of the courts of the State of North Carolina and agree that venue shall be in North Carolina.

3

(Purchase Agree. ¶ 32). Plaintiffs contend that the clause is valid and enforceable, and that its terms require remand of this case. The court will address each of these issues in turn.

    **A.    The Forum Selection Clause is Valid and Enforceable**

The validity and enforceability of forum selection clauses at issue in federal cases is governed by federal law. *See, e.g., Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG,* 560 F. Supp. 2d 432, 437-38 (W.D.N.C. 2008); *Bassett Seamless Guttering, Inc. v. GutterGuard, L.L.C.*, No. Civ. 1:05CV00185, 2006 WL 156874, at *4 & n.4 (M.D.N.C. 20 Jan. 2006). Under federal law, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum selection clauses may be found unreasonable and thereby unenforceable if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir. 1996) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) and *Bremen*, 407 U.S. at 12-13, 15, 18). None of these grounds for unenforceability of the forum selection clause in the Purchase Agreement exists.[2]

Specifically, the record shows no fraud or overreaching in the formation of the forum selection clause in the Purchase Agreement. In addition, the selected venue, North Carolina, would not be an unfair or unduly inconvenient forum for the parties. Similarly, the law chosen to govern

---

[2] Although, as indicated, federal law controls, the court believes that no defects as to validity or enforceability would exist under North Carolina law if it were applied.

the Purchase Agreement, the law of North Carolina, would not expose either party to any fundamental unfairness. Further, the clause does not violate the public policy of North Carolina as the forum state. *See* N.C. Gen. Stat. § 22B-3 (voiding provisions in contracts entered into North Carolina that require proceedings in another state, not North Carolina, as here). There are no other circumstances rendering the forum selection clause unreasonable. The court concludes that the forum selection clause in the Purchase Agreement is valid and enforceable, as plaintiffs contend.

**B.     The Forum Selection Clause Does Not Specify Exclusive State Court Jurisdiction**

The forum selection clause contains two provisions regarding the forum for litigation over the Purchase Agreement. The clause states that the parties both "submit to the jurisdiction of the courts of the State of North Carolina and agree that venue shall be in North Carolina." (Purchase Agree. ¶ 32). Plaintiffs contend that each of these two provisions mandates jurisdiction in North Carolina state courts and thereby deprives this court of jurisdiction. The court will examine each provision in turn.

The court agrees that the phrase "courts of the state of North Carolina" as used in the first provision refers to North Carolina's state courts and not the federal and state courts in North Carolina collectively. Decisions interpreting the phrase "courts of" with reference to other states have repeatedly held that it refers solely to the state courts of the state identified. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (holding that a forum selection clause that specified the courts "of Colorado" could only mean state court because "a federal court located in Colorado is not a court *of* the State of Colorado but rather a court *of* the United States of America"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (court interpreted the phrase "Courts of Texas" as referring exclusively to Texas state courts); *Phoenix*

5

*Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991RJH, 2004 WL 2360033, at *6 (S.D.N.Y. 19 Oct. 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts."); *Manuf & Marketing Concepts, Inc. v. Southern Cal. Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996) (concluding that a forum selection clause specifying venue in "an Illinois court" "plainly" meant an Illinois state court).

But this determination does not end the court's inquiry. The question presented is whether the specification of North Carolina state courts is permissive or mandatory. *See Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause authorizes jurisdiction in a particular forum, but does not exclude jurisdiction in other forums. *Id.* In contrast, a mandatory clause permits jurisdiction in only the specified forum. *Id.* "A general maxim in interpreting forum selection clauses is that 'an agreement conferring jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere [that is, as mandatory] unless it contains specific language of exclusion.'" *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)).

The provision here that "[t]he parties submit to the jurisdiction of the courts of the State of North Carolina" is clearly permissive. The provision contains no language, such as "exclusively," "solely," "only," indicating an intent that jurisdiction must lie in North Carolina state courts alone. Instead, the provision unambiguously indicates the parties' intention to allow, but not require, the state courts of North Carolina as the forum for litigation under the Purchase Agreement. Decisions examining similar language are in accord. *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956 (5th

6

Cir. 1974) (holding that clause stating that "parties submit to the jurisdiction of the courts of New York" was permissive); *Yelton v. PHI, Inc.*, No. 09-3144, 2010 WL 745042, at * 2 (E.D. La. 1 Mar. 2010) (finding that clause stating that the "parties further agree to submit to the jurisdiction of both the state and federal courts of Connecticut" was permissive and did not preclude suit elsewhere); *S & D Coffee Inc. v. GEI Autowrappers,* 995 F. Supp. 607, 610 (M.D.N.C. 1999) (holding that clause stating that both parties would submit to the jurisdiction of English courts was a permissive consent to jurisdiction); *cf. General Pump & Well, Inc. v. Laibe Supply Corp.*, No. CV607-30, 2007 WL 4592103, at *3 n.4 (S.D. Ga. 28 Dec. 2007) (enforcing a forum selection clause as mandatory where it specified that a state court shall have "exclusive" jurisdiction); *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 444 (N.D.N.Y. 2007) (holding that a forum selection clause was mandatory where it provided that the courts in one specified county shall have exclusive jurisdiction over any action brought under the subject agreement); *RK Dixon Co. v. Dealer Marketing Servs. Inc.*, 284 F. Supp. 2d 1204,1210 (S.D. Iowa 2003) (holding that forum selection clause in contract stating that suit "shall" be brought in specified state court was mandatory and not permissive).

The second provision at issue—stating that the parties "agree that venue shall be in North Carolina"—similarly does not preclude jurisdiction of this court. There is no language in this provision indicating that venue must lie in only the state courts of North Carolina. Indeed, there is no specification at all regarding the type of court in which venue must lie. Rather, the provision requires simply that the court be in North Carolina. This provision thereby unambiguously permits venue in any court in North Carolina, whether state or federal, including this court. The case law is in accord. *Ferri Contracting Co. v. Town of Masontown*, No. 03-1303, 2003 WL 22244905, at *1 (4th Cir. 29 Sept. 2003) ("Where the forum selection clause imposes a geographic limit, litigation

7

Case 5:09-cv-00341-FL    Document 20    Filed 03/24/10    Page 7 of 8

is permitted in either a federal or state court within the specified geographic boundary."); *Unistaff, Inc. v. Koosharem Corp.*, 667 F. Supp. 2d 616, 619-20 (E.D. Va. 2009) (same).

The court concludes that the forum selection clause in the Purchase Agreement does not mandate that litigation under the Purchase Agreement be brought in the state courts of North Carolina, but permits it to be brought in this court. Defendant therefore did not waive its right to removal by entry into the forum selection clause. No other impediments to this court's exercise of jurisdiction appearing, plaintiffs' motion to remand should be denied.

## **CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that plaintiffs' motion to remand be DENIED.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections, unless the court specifies a different period. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This 23rd day of March 2010.

_____
James E. Gates
United States Magistrate Judge