IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-341-FL

| DLX, INC. and DONALD LATELLA, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| REID BROTHERS, INC., | ) | |
| Defendant. | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 20), regarding plaintiffs' motion to remand this case to Cumberland County Superior Court (DE # 8). No objections to the M&R have been filed, and the time within which to make objections has expired. In this posture, the matter is ripe for ruling.

Plaintiffs brought this action in the Cumberland County Superior Court on June 24, 2009. In their complaint, plaintiffs allege that defendant entered into an Asset Purchase and Sale Agreement ("Purchase Agreement") with plaintiffs, whereby defendant purchased some of the assets of plaintiffs' business for $350,000.00. The Purchase Agreement also set forth a payment schedule. Plaintiffs state that defendant regularly made its payments until on or about March 1, 2009, when it stopped payments, leaving a balance due of approximately $98,987.86. Plaintiffs seek damages arising from this alleged breach of contract in excess of $10,000.00.

On July 30, 2009, defendants filed a notice of removal seeking to remove the case to this court. Plaintiffs, on August 28, 2009, filed a motion to remand and objection to removal. Therein,

plaintiffs argue against remand based on the parties' agreement to litigate matters related to the Purchase Agreement in North Carolina state courts. By agreeing to the forum selection clause in the Purchase Agreement, plaintiffs argue, defendant waived the right to remove any dispute to federal court.

Defendant responds that the forum selection clause does not prevent this case from being pursued in federal court. Rather, defendant contends, it is only a "consent to jurisdiction" clause that does not demonstrate a waiver of defendant's right to remove. Further, defendant asserts that even if the clause were interpreted as a mandatory forum selection clause, defendant only submitted to the "courts of the State of North Carolina," an undefined term that includes both state and federal courts located in the state of North Carolina. (Purchase Agree. ¶ 32.) Finally, defendant argues that the venue selection clause does not support a remand to state court.

The magistrate judge reviewed the motion and entered an M&R recommending that plaintiffs' motion be denied. After a review of general principles governing removal and remand, the magistrate judge analyzed the forum selection clause in the Purchase Agreement.

First, the magistrate judge determined the Purchase Agreement's forum selection clause is valid and enforceable. A forum selection clause will be enforceable unless a party can show that it is unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Forum selection clauses may be found unreasonable when their formation was induced by fraud, the selected venue would be so unfair that the complaining party would be deprived of his day in court, the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy, or enforcement would contravene a public policy of the forum state. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (internal citations omitted). The forum selection clause in the Purchase Agreement was not induced by fraud, the venue and applicable law are fair to both parties,

2

and enforcement would not contravene North Carolina public policy. The forum selection clause is thus valid and enforceable.

Second, the magistrate judge found that the forum selection clause does not specify state court jurisdiction. "Courts of the State of North Carolina," as it appears in the Purchase Agreement, refers to state courts in North Carolina rather than state and federal courts located within the state. (See M&R at 5-6 (citing cases).) But, as the magistrate judge concludes, the forum selection clause is permissive, meaning it authorizes jurisdiction in a particular forum, but does not exclude jurisdiction in other forums. There is no exclusive language in the clause, which courts interpret to leave open other forums. (See M&R at 6-7 (citing cases).) The venue selection clause similarly does not exclude this court as a proper forum. Thus, while the provision permits jurisdiction in North Carolina state courts, it does not require it. Defendant did not waive its right to remove this case to federal court by agreeing to the forum selection clause.

After careful review of the M&R, the relevant case law, and the pleadings and motion, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Accordingly, the court ADOPTS the recommendations and findings of the magistrate judge as its own. For the reasons stated therein, plaintiff's motion to remand (DE # 8) is DENIED. The stay entered on September 28, 2009 is hereby LIFTED. The court shall issue an Initial Order Regarding Planning and Scheduling hereafter.

SO ORDERED, this the 27th day of April, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3