IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-341-FL

| | | |
|---|---|---|
| DLX, INC, et al, | ) | |
|     Plaintiffs, Counter Defendants, | ) ) ) | |
| v. | ) ) | ORDER |
| REID BROTHERS, INC., | ) ) ) | |
|     Defendant, Counter Claimant. | ) | |

This matter is before the court on plaintiffs' motion to amend the complaint and to join additional defendants (DE #26). No response to plaintiffs' motion has been filed by defendants, and the time within which to do so has expired. In this posture, the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff DLX, Inc. ("DLX") and plaintiff Donald D. Latella ("Latella") (together, "plaintiffs") filed this action against defendant Reid Brothers, Inc. ("Reid Brothers") on June 24, 2009 in Cumberland County Superior Court. In their complaint, plaintiffs allege that on August 2, 2005, the parties entered into an Asset Purchase and Sale Agreement ("Purchase Agreement"), whereby defendant purchased some of the assets of plaintiffs' business for $350,000.00. Plaintiffs allege that defendant ceased making scheduled payments under the Purchase Agreement in March, 2009, leaving a balance due of approximately $98,987.86. Plaintiffs seek damages arising from this alleged breach of contract in excess of $10,000.00.

Defendant timely filed notice of removal in this court on July 30, 2009, alleging jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Defendant filed an answer to the complaint and a counterclaim against all plaintiffs for breach of contract on August 6, 2009.

Plaintiffs objected to removal and moved to remand on August 28, 2009. The court by order entered September 28, 2009, stayed the case pending resolution of plaintiffs' motion to remand. On April 27, 2010, the court denied plaintiffs' motion to remand. The court entered a case management order on July 19, 2010, providing that motions for leave to join additional parties or otherwise amend the pleadings must be filed by August 20, 2010. Plaintiffs timely filed the instant motion to amend complaint and to join additional defendants on August 18, 2010. Defendant failed to file a response within the time permitted to do so.

## ANALYSIS

A.  Standard of Review

A plaintiff may amend his complaint one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). A motion to amend is futile if

2

the amended complaint would not withstand a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

B.  Discussion

Plaintiffs' motion seeks leave to amend the complaint to add claims and individual defendants. Specifically, plaintiffs seek to add claims for non-payment of the note included in and securing the payment of the contract. Plaintiffs also seek to add certain individual defendants as alleged makers and guarantors of the note.

A party desiring to amend his complaint after a responsive pleading has been filed must seek leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15, the court should "freely give leave when justice so requires." Id.

> In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend is liberally given in furtherance of the notion that plaintiffs should be afforded an opportunity to test claims on the merits. See id.

The court concludes that there are no factors present in the instant case to prohibit granting plaintiffs leave to amend. The court notes that it has received no objection to the amendment of the complaint. On its own review of the facts, however, the court finds no reason not to grant leave to amend. Plaintiffs have not previously amended or been given leave to amend the complaint. There is no evidence of undue delay, bad faith or dilatory motive on the part of the plaintiffs. On the contrary, plaintiffs motion for leave to amend was timely filed within the deadlines set forth by the case management order entered by the court on July 19, 2010. Lastly, there is no reason to believe

3

that amendment would be prejudicial. The Fourth Circuit Court of Appeals has explained that:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered . . . and is offered shortly before or during trial . . . An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber v. Harvey, 438 F.2d 404, 427 (4th Cir. 2006). Here, the case is in its early stages. Under the case management order, discovery is to be completed by February 11, 2011. Motions are not due until March 14, 2011. The case is set for trial for the civil term of court commencing July 18, 2011. Therefore, the amendment of the complaint will not interfere with any pre-established court deadlines. The court finds that, under Rule 15, leave to amend is appropriate in this case.

A party seeking leave to amend a complaint under Rule 15 to join additional claims or parties must additionally satisfy the applicable joinder rules. See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001). Plaintiffs seek to add as defendants the individuals Robert Reid and Beverly Reid, whom plaintiffs allege executed a guaranty of payment on the promissory note providing for the payment of the purchase price under the Purchase Agreement.

Rule 20(a)(2) provides that persons may be joined in one action as defendants if, first, any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and second, any question of law or fact common to all defendants will arise in the action. The court is mindful of the purpose of Rule 20, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974) (citing 7 C. Charles Alan Wright, Federal Practice and Procedure § 1652 at 265

4

(1972)). Additionally, "[t]he 'transaction or occurrence test' of the rule 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL, Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983).

The court finds that Rule 20(a) is satisfied on these facts. Plaintiffs' asserted grounds for relief arise out of the same transaction or occurrence in that they arise out of the contract for purchase by defendant of plaintiffs' business and the subsequent alleged breach of that contract. Further, questions of both law and fact common to all defendants will arise in the action. At issue is the alleged breach of a contract for purchase of a business, as well as the fact of payment or nonpayment under the terms of the contract. There is a substantial logical relationship between the transactions or occurrences at issue such that the claims for relief should be tried in a single proceeding. The court is accordingly satisfied that Rule 20(a) is satisfied in this case.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend (DE 26) is GRANTED. Defendants Robert Reid and Beverly Reid are hereby added as parties. The clerk is DIRECTED to docket plaintiffs' proposed amended complaint as plaintiffs' amended complaint.

SO ORDERED, this the 28th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

5